FILED

DEC - 5 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                          )     Case No. 13-25283-A-7
                                               )
PATRICK BULMER,                                )     SMO-3
                                               )
         Alleged Debtor.                       )
                                               )
_____)

**MEMORANDUM**

Paul Den Beste, the unsuccessful petitioning creditor in this involuntary bankruptcy case, moves for the recusal of Judge Michael McManus, arguing that:

(1) Judge McManus is a "loyal" member of the State Bar of California;

(2) Judge McManus has ignored Mr. Bulmer's alleged commission of a felony, 18 U.S.C. § 1344 (Docket 82 at 2);

(3) Judge McManus has engaged himself as an individual outside his role as a judge "and acted in felony violation of 18 U.S.C. § 1512(b) and (c) by threatening Creditor through his . . . Tentative Ruling" (Docket 82 at 2);

(4) Judge McManus is biased against Mr. Den Beste and is "loyal" to Mr. Bulmer (Docket 82 at 20);

(5) Judge McManus "has engaged in treason to the Constitution" and "is committing war against the United States Constitution by aligning himself with fellow State

Bar of California BAR member MAFIA De Meo De Meo and West (John F. De Meo SBN 28891 - Bradford J. Dc Meo SBN 141189 -- Joshua West SBN 118463) law firm operating out of Sonoma County California and another State Bar of California member cohort corrupt California State Court Judge Elliot Dawn (SBN 56839) who has seditiously usurped the Office of Judge by sitting on the bench of the Superior Court of California, County of Sonoma while still being a member of the State Bar of California with BAR # 56839 in blatant seditious, treasonous and corrupt violation of California Constitution, Article 6 Section 9" (Docket 82 at 3, 19);

(6) Judge McManus "has acted corruptly in protecting debtor Patrick Bulmer" and has committed fraud upon the court by aligning himself with state court Judge Daum and Mr. Bulmer's counsel (Docket 82 at 15, 16);

(7) Judge McManus ruled on Mr. Bulmer's motion to dismiss under Fed. R. Civ. P. 12 even though the motion did not mention Fed. R. Civ. P. 12 (Docket 82 at 4);

(8) The $66,001.01 seized by Mr. Bulmer in the state court action should have been returned to the family trust from where they were taken because the accounting from the trustee in Mr. Den Beste's bankruptcy case in the Northern District of California shows that "the $66,001.01 has never been property of creditor Paul Den Beste" (Docket 82 at 5);

(9) Judge McManus "impermissibly deferred Federal Bankruptcy Court jurisdiction to his loyal State Bar of California associate State Court Judge Elliot Daum's (SBN 56839) ruling that granted [Mr. Bulmer's] motion to apply the $66,001.01

to satisfaction of judgments," in the state court action where Mr. Bulmer serves as a court-appointed receiver (Docket 82 at 8);

(10) Judge McManus' ruling granting Mr. Bulmer's motion to dismiss the instant involuntary case "ignored that unchallenged United States Department of Justice Chapter 7 Trustee 169 page accounting and supporting declaration" and "[e]ither way . . . the $66,001.01 is the property of the James L. Den Beste Family 1997 Trust or the $66,001.01 continues to be property of the bankruptcy estate and therefore, the $66,001.01 could not have been assigned to satisfy any judgment by loyal State Bar of California member State Court judge Elliot Daum (SBN 56839)" (Docket 82 at 9, 10);

(11) Judge McManus "has refused to follow . . . the accuracy and correctness of the 169 page accounting document, attached as Exhibit B to Proof of Claim 1-1 supported by the declaration of United States Department of Justice Chapter 7 Trustee attorney Johnson C. W. Lee (SBN 253775) that has never been challenged" (Docket 82 at 20); and

(12) "Creditor's Appellate Rights have been interfered with by the Clerk of this Article I Court . . . [for] refusal to comply with Federal Rules of Court in preparation of a record on appeal by refusing to accept Court Reporter Transcript Order Forms From a process server that the Clerk is required by Federal Rule of Court to accept" (Docket 82 at 4).

Fed. R. Bankr. P. 5004(a) provides that "[a] bankruptcy

judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."

28 U.S.C. § 455(a) requires a bankruptcy judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. "[W]hat matters [here] is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994); see also 28 U.S.C. § 455(a). This is an objective test, requiring a consideration of whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983). Although not required or necessary, knowledge obtained from extra-judicial sources is "a significant [and often determinative factor] . . . in recusal jurisprudence." Liteky v. United States, 510 U.S. 540, 554-55 (1994).

The judge also shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Judges are obligated to perform their duties of office fairly, impartially and diligently. See ABA CJC, Canon 2, Rules 2.2, 2.5. A judge should not display bias or prejudice in a case or a proceeding over which he presides. See 28 U.S.C. § 455(a), (b)(1). Bias or prejudice are generally defined as a judicial predisposition that is wrongful or inappropriate and that goes beyond what is normal and acceptable. Liteky v. United States,

510 U.S. 540, 552 (1994).

The court notes that the State Bar of California website indicates that Judge McManus "is currently serving as a Judge . . . and is not considered a member of the State Bar while in office." See http://members.calbar.ca.gov/fal/Member/Detail/82546. Thus, the assertion that Judge McManus is a member of the State Bar of California while holding office as a judge is incorrect.

The motion does not explain how or why Judge McManus is biased against Mr. Den Beste and in favor of Mr. Bulmer. Basically, with the exception of the first and twelfth allegations, the allegations summarized above amount to nothing more than conclusory statements that Judge McManus is biased or that because his rulings favored Mr. Bulmer he is not impartial.

Just because this court's rulings are consistent with the rulings of Judge Daum in the state court litigation, are consistent with the rulings of Judge Jaroslovsky in Mr. and Mrs. Den Beste's bankruptcy case in the Northern District of California, and are consistent - for the most part - with the requests of Mr. Bulmer, does not mean that Judge McManus is part of a conspiracy to rule against Mr. Den Beste, irrespective of applicable law. Nor is it evidence, in and of itself, of bias or prejudice warranting recusal.

For instance, there are no allegations of an out-of-court relationship between Judge McManus and Mr. Den Beste, Mr. Bulmer, or counsel for Mr. Bulmer, other than the factually incorrect assertion that Judge McManus is a member of the California bar. There are no specific factual allegations that Judge McManus has had improper contact with any of the parties in this proceeding.

There is no evidence of, or even allegations of, knowledge obtained from extra-judicial sources.

One argument that Mr. Den Beste advances is that Mr. Bulmer's motion to dismiss the involuntary petition was somehow defective because Mr. Bulmber did not cite Fed. R. Civ. P. 12 in the motion. Mr. Den Beste argues that this court ruled on a Rule 12(b)(6) motion that "has never been filed." Docket 82 at 4.

The fact that the dismissal motion did not mention Rule 12 does not mean that it was not brought under Rule 12. The motion was clearly a motion to dismiss and Rule 12 is the rule that addresses dismissal on the merits of claims brought in federal court, including the involuntary petition filed by Mr. Den Beste. As noted in the court's ruling on the dismissal motion:

> While the motion does not mention Fed. R. Civ. P. 12(b)(6), the motion cites to Fed. R. Bankr. P. 1011(b), which references Fed. R. Civ. P. 12. The involuntary petition is the equivalent to a complaint, meaning that the instant motion is a request for dismissal of a complaint, which is governed by Fed. R. Civ. P. 12(b), as made applicable here by Fed. R. Bankr. P. 7012(b).
>
> Mr. Den Beste's accusation that the court has had ex parte communication with Mr. Bulmer is baseless and wrong. He contends that because the court referred Rule 12(b)(6) in its June 3 Final Ruling, and because Mr. Den Beste was not served with a motion that referred to Rule 12(b)(6), the court must have received some communication from Mr. Bulmer that was not served on Mr. Den Beste.
>
> The court has received precisely what Mr. Den Beste has received from Mr. Bulmer and nothing else. See Dockets 7 & 11. As noted above, the fact that the motion does not refer specifically to Rule 12(b)(6) is of no consequence. Rule 12(b)(6) is the basis for a motion to dismiss. And, this motion was properly served on Mr. Den Beste at the address he provided on the involuntary petition. Dockets 1 & 12.
>
> The motion complies with Fed. R. Civ. P. 7(b) (as made applicable by Fed. R. Bankr. P. 7007), which

```
                provides: "A request for a court order must be made by
1               motion. The motion must: (A) be in writing unless made
2               during a hearing or trial; (B) state with particularity
                the grounds for seeking the order; and (C) state the
3               relief sought." The motion is in writing, it states
                with particularity its basis, namely, that Mr. Bulmer
4               does not owe any debt to Mr. Den Beste, and it states
                that Mr. Bulmer is seeking dismissal of the involuntary
5               petition.
```

6   Docket 26 at 1.

7       Another argument Mr. Den Beste makes is that this court has

8   ignored an accounting submitted by the trustee in the bankruptcy

9   case before Judge Jaroslovsky. The accounting along with a

10  declaration from counsel for the trustee was attached to Mr. Den

11  Beste's proof of claim. Mr. Den Beste claims that the

12  declaration establishes that Mr. Bulmer improperly seized the

13  $66,001.01 from the family trust of which Mr. Den Beste had been

14  a trustee.

15      This is not true.

16      The declaration of Johnson C.W. Lee, attached to Mr. Den

17  Beste's proof of claim, was filed "in support of [the] trustee's

18  response to objection to turnover of funds to DenBeste Family

19  Trust." POC 1, Ex. B. In paragraph 4, the declaration states

20  that:

```
21              As an attorney for the Trustee, I reviewed the
                accounting and documents provided by Mr. Ward[,]
22              [counsel for the trust,] with particular attention to
                any transactions that might support the allegation by
23              creditor Mandy Power dba Judgment Enforcement USA
                ("Power") that the Debtor used the Family Trust's
24              accounts as his own accounts, and that the Debtor
                conmiingled his personal funds with the funds held in
25              trust in the Family Trust's accounts. I did not find
                any transactions that appeared to be errant, or for
26              which that could not be explained and accounted.
```

27      But, in paragraphs 9-11, the declaration also states that:

28          Power alleges that she has bank records supporting

-7-

> her allegations that the Debtor used the Family Trust's accounts as his own accounts, and that the Debtor commingled his personal funds with the funds held in trust in the Family Trust's accounts. I have conferred with Mr. Ward, and am informed that Mr. Ward made substantially these same documents submitted herewith available to Power for her review, and they do not support her allegations.
>
> I have requested from Mr. Ward all of the bank statements required to provide this Court and the opposing parties with a complete record of the transactions on the Family Trust's accounts during the period in which the Debtor served as the Family Trust's acting trustee.
>
> Although I expect the bank statements to be forthcoming, Mr. Ward has not yet been able to produce the documents, and the Trustee believes it is appropriate to submit those documents currently in his possession for the Court's and the opposing parties' consideration. Mr. Ward is available to testify should the Court require his testimony.

Thus, the bankruptcy trustee did not have the complete accounting from the Den Beste family trust and was unable to determine whether the allegations of commingling by the judgment creditor in the state court litigation were true.

More important and of more relevance here, as noted by this court in its ruling on the dismissal motion, "Judge Jaroslovsky specifically ordered 'that the Funds are hereby deemed abandoned; and . . . that the Trustee shall turn over the Funds to the Receiver [Mr. Bulmer], for further determination of the parties' claims in the State Court Litigation, with the parties' respective rights to the Funds as of the petition date to be preserved.' Docket 10, Ex. 1 to Motion at 2." Docket 26 at 2.

Hence, Judge Jaroslovsky did not order the turnover of the $66,001.01 to the family trust. Instead, the funds were returned to Mr. Bulmer in his capacity as a receiver and Judge Jaroslovsky directed Mr. Den Beste and Mr. Bulmer to litigate their interests

1  in the $66,001.01 in state court.

2  This is precisely what this court has done. It has deferred
3  to the state court's resolution and determination of who is
4  entitled to the $66,001.01.

5  This was required by well-established legal authority.

6  "[W]e do not distinguish between 'inferior' and 'superior'
7  courts for purposes of determining whether to apply collateral
8  estoppel. To the contrary, a federal court *must give* 'full faith
9  and credit' to state court judgments." Diamond v. Kolcum (In re
10 Diamond), 285 F.3d 822, 829 (9th Cir. 2002) (citing Marrese v.
11 Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)).

12 In giving full faith and credit to the state court's
13 resolution of who is entitled to the funds in its ruling on the
14 dismissal motion, this court noted that:

> In the December 10, 2012, Sonoma County Superior
> Court's Ruling Re: Funds Seized By Receiver, Docket 10,
> Ex. 3 to Motion, the state court writing of the funds
> seized by Mr. Bulmer in his capacity as a state court
> receiver, quoted Bankruptcy Judge Jaroslovsky's denial
> of the bankruptcy discharge of Paul Den Beste and his
> spouse: "The court finds that the Den Bestes knowingly
> and fraudulently filed false schedules under oath with
> the intent to thwart [Mandy] Power in her efforts to
> enforce the judgments lawfully assigned to her and with
> the intent to conceal material assets from her. The
> Deb [sic] Bestes are accordingly not entitled to a
> discharge. . . ." Docket 10, Ex. 3 to Motion at 2.
>
> The state court went on to conclude:
>
> "It is from this springboard in the Bankruptcy
> Court that this matter has rebounded to this
> Court. The shattered credibility of judgment
> debtors Paul Den Beste and Melody Den Beste has
> rendered their further input all but moot. The
> now abandoned (by the Bankruptcy Receiver) funds
> seized by the Receiver herein including those
> seized from the Den Bester [sic] Family Trust's
> bank accounts are once against [sic] the subject
> of this Court's jurisdiction." Docket 10, Ex. 3
> to Motion at 2.

"One of the reasons the Receiver [Mr. Bulmer] was appointed in the first place was because early in 2010 this Court found that while Paul Den Beste himself was the sole Successor Trustee of the Trust, he and Melody Den Beste had transferred funds subject to Assignee's execution lien into the Trust's Bank Account in order to sequester them from lawful levy and collection. It is noteworthy that Paul Den Beste had been Trustee of the Family Trust since the father died in 1997 and was still the sole Successor Trustee of the Trust during the proceedings to appoint the Receiver. As assignee has taken great pains to point out, the Family Trust utterly failed to produce the records that might have preserved the sanctity of the Trust against collection. It was their burden to do so. The Trust's financial records would have shown whether Paul Den Beste's personal funds had been commingled with those of the Trust. The Trust repeatedly and willfully refused to produce them. The Court infers that had the Trust produced them, the [sic] would have been adverse." Docket 10, Ex. 3 to Motion at 3-4.

"The Court thus concludes: 1. Paul Den Beste, in his capacity as Trustee of the Trust failed to produce Trust records as ordered by the Court on August 26, 2010, and said failure constituted the Trust's waiver of any claim to the funds seized by Receiver. 2. The burden of proof of the Trust's third party claim lies with the Trust. Specifically, the Trust needed to show that the personal funds of Paul Den Beste were not commingled with those of the Trust at the time the Receiver seized Trust funds. 3. The Court, in its ruling on August 20, 2010 found that Paul Den Beste had commingled his personal funds with those of the Trust. 4. Producing the Trust's financial records would have been the most obvious and conclusive way the Trust could have proved its claim of exemption, but it did not do so. 5. The Court infers from the Trust's repeated refusal to produce the aforementioned documents under Court order, and its failure to produce them to prove its claim, that had it produced them, they would have been adverse. 6. The Trust's sole witness, Timothy Ward, had no personal knowledge of what Trustee Paul Den Beste had been doing with the funds in the Trust's bank accounts. The Trust did not show, by a preponderance of the evidence, that the funds seized by the Receiver were exempt from the satisfaction of the judgments. Therefore, the Court denies the third party claim of the Trust entirely. The Court grants Receiver's motion to apply funds seized to the satisfaction of the

Case 13-25283    Filed 12/05/13    Doc 83

judgments." Docket 10, Ex. 3 to Motion at 5. Docket 26 at 4-5.

The court also notes that Mr. Den Beste's own proof of claim attaches an August 26, 2010 order from the state court, signed by Judge Daum, ordering that "Receiver [Mr. Bulmer] is directed to hold the $66,001.01 seized from Redwood Credit Union on August 25, 2010 pending further order of the Court." POC 1, Ex. A.

In summary, the state court appointed Mr. Bulmer as receiver and Mr. Bulmer seized the subject funds in his capacity as receiver, from a bank account of the family trust. The state court ordered Mr. Bulmer to hold the funds pending a further order of the court. Mr. Den Beste and his spouse, in an effort to circumvent the state court's authority, jurisdiction and orders, filed a chapter 7 bankruptcy case. Mr. Bulmer turned over the funds to the bankruptcy trustee. Judge Jaroslovsky, presiding over the bankruptcy case, denied Mr. and Mrs. Den Beste's discharge, ordered the funds abandoned, ordered the trustee to turn over the funds back to Mr. Bulmer in his capacity as state court receiver, and deferred to the state court's resolution of who is entitled to the funds. Subsequently, the state court denied the family trust's request for return of the funds and granted Mr. Bulmer's motion to apply the funds to the satisfaction of four state court judgments entered against Mr. Den Beste. The state court orders are final.

Given the foregoing, there is no basis for reasonably questioning the impartiality of Judge McManus in this proceeding. There are no facts establishing even the appearance of bias or prejudice against Mr. Den Beste or in favor of Mr. Bulmer. As

this court is required to give full faith and credit to the orders and judgments of the state court, this court's deference to the state court's resolution of who is entitled to the funds was warranted. This court cannot and will not serve as a court of appeal for orders entered by the state court.

To the extent Mr. Den Beste has requested this court to rule on issues pertaining to anyone's criminal liability, this court does not have jurisdiction over any criminal matters.

Finally, Mr. Den Beste alleges that the clerk's office refused "to accept Court Reporter Transcript Order Forms From a process server." Docket 82 at 4. The court fails to see the relevance of alleged misconduct by a clerk of court to the issue of whether Judge McManus must recuse himself. And, because the court reporters are not court employees but are independent contractors, parties wishing to order transcripts do not contact the clerk but must make arrangements directly with the court reporter for a transcript.

Mr. Den Beste's motion to recuse Judge McManus will be denied.

Dated: Dec. 5, 2013

By the Court

_____
Michael S. McManus, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Paul Den Beste
PO Box 742
Cloverdale, CA 95425

Patrick Bulmer
PO Box 5128
Oroville, CA 95966

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Steven Olson
100 E St #104
Santa Rosa, CA 95404

Dated: December 5, 2013

                              *Susan C. Cox*
                              Susan C. Cox
                              Judicial Assistant to Judge McManus